Per curiam,

the question here is who has the best title to possess this fifty-four acres — as to which the rule is, that the fir,f patent or grant gires the best title, not the first entry in the land-office, unless the first patentee or grantee loses that title by suffering an adverse pos essi-on of seven years without entry, claim or action made by him within that time. Here the Defendant hath been in possession ever since the year Í 773, but the operation of the act of limitations hath been suspended by I wo several acts of the Legislature, from the year 1773, to the first of June, 1784, that is to say, by the act of 1777, c. 2. sec. 54, and the act of 1783, c. 4, sec. 9; and this action was commenced after the first of June, 1784, and before seven years had elapsed from that period •, so that there is no bar formed under that statute by the possession which the defendant had. Besides, the rule of law is, that where two persons are in possession, claiming by different titles, the. law will adjudge (he legal possession In him who halli the right. In the present, case birth Plaintiff and Defendant were in possession of the fifty-four acres in dispute, from the year 1778, when Baker is proved to have been in the occupation of his fixe hundred acre tract; and therefore from that period he claiming under the patent first dated, the law .will adjudge the possession of this tract of fifty -four ayres to have been in him; and then from the year 1773, when Bogan first took possession of his two hundred acre tract, to the year 1778. there were hut five intervening years— Bogan’s possession of the fifty-four acres was then defeated by Baker’s entry into his five hundred acre tract — for either of these reasons, possession will not avail the Defendant in the present case, and then the title must rest upon the priority of the patents. Wherefore the Plaintiffs ought to recover, and there was a verdict and judgment for the Plaintiffs accordingly.
Note. — Upon this trial Williams for the Defendant, offered in evidence a plat and certificate i,t the survey made for M‘Natt, alleging it had been annexed to the original pali.nt, which was destroyed, and tilltt-e only part of it that ha t been preserved. He proved the destruction of th- patent by Bogan’s affidavit and offered to prove this to be the plat formetly annexed to it by the same means : but per cu-ream, though the party offering the copy of a deed, has been permit .' *205 led to prove the loss and destruction of tin: tied by his own oath, he has never been permitted to prote a par' uf his title — this would be to allow him t .• pi ove .-y lug own o th, that the paper >n qu. s- ion was an ippendsige -if tin old deed; when perhaps it m'u.ht not have been so, and by that means he would be let in to m-evc by his own oath, a material part of the title perhaps that he set up, at least , very material fact in this controversy. This wott’d be. going much further than the bare letting him into the exhibition of a copy of the deed ; which when produced, must <>e proven by the certificate of an officer acting on oath, or the o tli of a person who had compared it, to comain the words of the original paper which once existed.— And the couri rtfused the evidence offered; saying further, that there is a counterpart of all the old patents and plats lodged in the Secretary’s office, and that might have been produced by force of a duces tecum,, and would have been more satisfactory evidence that» tile paper now offet ed.
Upon the first and last points see Dickey v. Woodenpile post 358, and Blanton v. Miller, ante 4 The decision upon >1) point of the lapped patents has been confirmed in several cases which hold further that if<fi one of the parties is actually sct’Wl forsevi n years together Upon the part comprehended in both dm ds, the possession is his, and the other will be barred thereby”. Bryant v Allen & others, 2 Hay. 74. Barrets v. Turner, ibid. 113. Slade v. Griffin, ibid. 178. Sawyer v. - ibid 235. Orbison v. Morrison, 1 Hawks, 467.